UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23396-COOKE/DAMIAN

JOSE ALEXANDER DA SILVA ASCANIO,

    Petitioner,

vs.

MERY ALEJANDRA DIAZ CRESPO,

    Respondent.
_____/

**REPORT AND RECOMMENDATION AS TO PETITIONER'S
MOTION AND APPLICATION FOR AWARD OF FEES AND COSTS
PURUSANT TO 22 U.S.C. § 9007(b)(3)**

THIS CAUSE is before the Court on Petitioner's Motion and Application for Award of Fees and Costs Pursuant to 22 U.S.C. §9007(b)(3) [ECF No. 65] (the "Motion"). This matter was referred to the undersigned for a Report and Recommendation by the Honorable Marcia G. Cooke, United States District Judge. [ECF No. 67]. *See* 28 U.S.C. § 636.

The undersigned has considered Petitioner's Motion and supporting documents and the pertinent portions of the record and is otherwise fully advised in the premises. The Court also heard from the parties, as well as counsel for Petitioner, who appeared before the Court by Zoom for a hearing on May 10, 2022.

    **I.    BACKGROUND**

On September 22, 2021, Jose Alexander Da Silva Ascanio ("Petitioner" or "Ascanio") filed a verified petition under the Hague Convention on the Civil Aspects of International Child Abduction, T.I.A.S. No. 11670, 1343 U.N.T.S. 89, reprinted in 51 Fed. Reg. 10,494 (March 26, 1986) (the "Convention"), and its implementing legislation, the International

Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001 *et seq*. [ECF No. 1]. In the Petition, Ascanio requested the return of his two daughters, whom he alleged were wrongfully removed and retained by Respondent, Mery Alejandra Diaz Crespo ("Respondent" or "Crespo"), his wife and the mother of both children. Following a multi-day evidentiary hearing, the District Court entered an Order granting the Petition and ordering that the daughters be returned to Portugal. *See* ECF No. 54. Thereafter, Ascanio filed this Motion, through which he seeks an award of attorneys' fees and costs pursuant to 22 U.S.C. § 9007(b)(3) in the amount of $43,549.19. *See* ECF No. 65. In support, Ascanio submitted the billing records, costs invoices, and retainer agreement with his counsel. [ECF Nos. 65-1, 65-2, 65-3]. Ms. Crespo did not contest nor otherwise respond to Ascanio's written Motion.

Meanwhile, on January 17, 2022, Ms. Crespo's counsel requested leave to withdraw as counsel for Ms. Crespo [ECF No. 66], which request was granted on February 25, 2022. [ECF No. 69]. In the Order granting leave for Ms. Crespo's counsel to withdraw, the Court directed Ms. Crespo to notify the Court by March 24, 2022, whether she intended to proceed *pro se* or to retain counsel. *Id*. Ms. Crespo failed to respond to the Court's Order.

Ms. Crespo did, however, appear by Zoom at the hearing before the undesigned on May 10, 2022. There, Ms. Crespo informed the Court that she intends to proceed *pro se* because she is unable to afford counsel. Ms. Crespo also stated that she does not oppose the Motion now before the Court but that she is presently unable to afford to pay the fee and cost award.

II. APPLICABLE LEGAL STANDARD

a. *ENTITLEMENT TO ATTORNEYS' FEES AND COSTS*

Petitioner seeks an award of attorneys' fees and costs pursuant to 22 U.S.C. § 9007(b)(3), which provides for fee- and cost-shifting in ICARA actions from prevailing petitioners to losing respondents:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C § 9007(b)(3). "The purpose of this requirement is to restore the petitioner to the financial position he or she would have been in had there been no removal and to deter such conduct from happening in the first place." *Cook v. Cook*, No. CV-07-8099-PCT-DGC, 2007 U.S. Dist. LEXIS 81717, 2007 WL 3120122, at *1 (D. Az. Oct. 23, 2007) (citing Hague International Child Abduction Convention; Text and Legal Analysis, 51 FR 10494-01). The Eleventh Circuit has "read the statutory text as creating a strong presumption in favor of fee-shifting, rebuttable only by a showing from the losing respondent that an award of attorney's fees, costs and expenses would be clearly inappropriate." *Rath v. Marcoski*, 898 F.3d 1306, 1311 (11th Cir. 2018).

b. *CALCULATING ATTORNEYS' FEES AND COSTS – LODESTAR METHOD*

The amount of fees recoverable in ICARA actions turns on the application of the "lodestar" method developed by federal caselaw. *See Crespo Rivero v. Carolina Godoy*, No. 18-23087-CIV, 2019 WL 1178472, at *3 (S.D. Fla. Feb. 26, 2019), *report and recommendation adopted sub nom. Crespo Rivero v. Godoy*, No. 18-23087-CIV, 2019 WL 2245416 (S.D. Fla. Apr.

3

11, 2019). Under the lodestar method as applied by courts in the Eleventh Circuit, attorneys' fees are calculated by multiplying the number of hours reasonably spent times a reasonable hourly rate. *Id*. The plaintiff bears the burden of documenting reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Additionally, the plaintiff must provide detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity. *Id*.

### III. DISCUSSION

With the foregoing in mind, the undersigned turns to Petitioner's Motion. First, the undersigned will determine whether Petitioner is entitled to an award of his attorneys' fees and, if so, the undersigned will determine if the amount of fees and costs requested by Petitioner is reasonable.

#### a. *PETITIONER IS ENTITLED TO ATTORNEYS' FEES AND COSTS*

"Any court ordering the return of a child pursuant to an action brought under [22 USC § 9003] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner . . . unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3).

Here, Judge Cooke entered an Order granting Ascanio's Petition and ordered the return of his two daughters to Portugal. At the May 10, 2022, hearing before the undersigned, Ms. Crespo indicated that she does not oppose Petitioner's motion for fees and costs. Therefore, the undersigned finds no reason why fee-shifting would be clearly inappropriate under the circumstances presented. As such, the Court finds Ascanio is entitled to have Ms. Crespo pay his reasonable attorneys' fees and costs incurred in this action pursuant to 22 U.S.C. 9007(b)(3).

### b. *CALCULATING PETITIONER'S ATTORNEYS' FEES AND COSTS*

Next the undersigned considers the reasonableness of Petitioner's attorneys' fees and costs. Petitioner requests $43,549.19 for its attorneys' fees and costs, consisting of $39,072.50 in fees and $4,476.69 in costs. [ECF No. 65]. In determining reasonable attorneys' fees in ICARA actions, the Court uses the lodestar method as developed by federal case law. *See Crespo Rivero*, No. 18-23087-CIV, 2019 WL 1178472, at *3. As mentioned above, under the lodestar method as applied by courts in the Eleventh Circuit, attorneys' fees are calculated by multiplying the number of hours reasonably spent times a reasonable hourly rate. *Id*.

1. *Reasonable Hourly Rate*

This Court must first determine whether the Petitioner has satisfied the burden of establishing that his attorneys' requested hourly rates are reasonable. A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436. As for hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Petitioner requests that the Court compensate his attorney, Laura Arcaro of the Arcaro Law Group, P.A., at an hourly rate of $400.00. [ECF No. 65] at 3. Petitioner also requests that the Court compensate counsel for the services of Giulia Bollini, a law clerk at Arcaro Law Group. P.A., and Linda Rodriguez, a legal assistant at Arcaro Law Group, P.A., at the hourly rates of $200.00 and $175.00, respectively. *Id*. at 4.

As previously mentioned, the plaintiff/petitioner has the burden of establishing a reasonable rate and the Court may also turn to its own experience to determine reasonable hourly rates as well. Upon a review of the record, consideration of other fee requests and awards in similar types of cases, as well as the experience and services performed by the professionals in this case, the undersigned finds that the requested hourly rates, ranging from $175.00 to $400.00 for work performed in this matter, are in the reasonable range of hourly rates for comparable services.

2. *Reasonable Hours Expended*

The Court next determines whether the number of hours spent on the matter by counsel is reasonable. Counsel must use "billing judgment" when requesting attorneys' fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Barnes*, 168 F.3d at 427. The party requesting attorneys' fees must submit evidence sufficient to allow the court to determine that the requested fees are reasonable. If a district court finds the number of hours claimed is unreasonably high, the court may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Here, Petitioner requests fees for a total of 143 hours billed. [ECF Nos. 65] at 4. The breakdown of hours billed by Petitioner's counsel is as follows:

- 69.8 hours billed by Laura Arcaro,
- 54.3 hours billed by Giulia Bollini, and
- 18.9 hours billed by Linda Rodriguez. [ECF No. 36-1].

*Id*.

While a party has a right to attorneys' fees incurred in the successful prosecution of a claim, the courts have a corresponding duty to make sure that such award is reasonable. *See Hensley*, 461 U.S. at 433–34. The determination of the amount of fees to award is vested in the sound discretion of the Court. *See Arch Ins. Co. v. GC Works, Inc., No.* 12-21260, 2013 WL 12181371, at *6 (S.D. Fla. Feb. 4, 2013).

The undersigned has independently and carefully reviewed the billing records submitted by Petitioner to determine whether the amounts sought are reasonable, taking into consideration the complex issues involved in the pleadings and briefs, the international nature of the dispute, and the approximately fifteen hours spent in federal court in connection with the Petition. Based upon a review of the record as a whole, the undersigned concludes that the number of hours spent by Petitioner's counsel litigating this matter is reasonable.

3. *Calculating Costs & Other Expenses*

As mentioned above, 22 U.S.C. § 9007(b)(3) provides:

> "Any court ordering the return of a child pursuant to an action brought under section 9003 of this title **shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner**, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate."

22 U.S.C. § 9007(b)(3) (emphasis added). "Thus, 22 U.S.C. § 9007(b)(3) not only provides for an award of attorney's fees and the usual costs that would be awarded pursuant to 28 U.S.C. § 1920, but provides for the payment of other necessary expenses." *In re K.J.*, No. 9:16-CV-80177-RLR, 2016 U.S. Dist. LEXIS 192207 at *6 (S.D. Fla. Aug. 17, 2016) (finding expenses for private investigators and travel costs necessary in ICARA action); *see also Crespo Rivero*, No. 18-23087-CIV, 2019 WL 1178472, at *5 (recommending award for compensation of interpreters in ICARA action).

7

Here, in addition to the customary fees incurred by a plaintiff/petitioner in filing and serving a petition, Ascanio incurred expenses for interpretation services. The breakdown of costs incurred by Petitioner is:

- $402.00 in filing fees,
- $165.28 in service of process fees, and
- $3,909.41 for interpretation services.

[ECF No. 54] at 5. The undersigned finds these costs to be reasonable and necessary under the circumstances presented in this case, and because Respondent failed to object to the requested costs, the undersigned recommends awarding Petitioner $4,476.69 in costs incurred.

After review of the records submitted by Petitioner's counsel [ECF Nos. 65, 65-1, 65-2, 65-3], the undersigned finds the requested fees and costs to be reasonable. Accordingly, the undersigned recommends awarding $43,549.19 to Petitioner for its attorneys' fees and costs, which consists of $39,072.50 in attorneys' fees and $4,476.69 in costs.

### IV. RECOMENDATION

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Petitioner's Motion and Application for Award of Fees and Costs Pursuant to 22 U.S.C. §9007(b)(3) [ECF No. 65] be **GRANTED** and Petitioner be awarded $43,549.19 in attorneys' fees and costs, consisting of $39,072.50 in attorneys' fees and $4,476.69 in costs.

Further, upon Petitioner's *ore tenus* request during the May 10, 2022, hearing, the undersigned **RECOMMENDS** the Court order Respondent to complete and serve a Form 1.977 Fact Information Sheet on Petitioner's counsel.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 11th day of May 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies: All Counsel of Record

Mery Alejandra Diaz Crespo (via email)